POMERANTZ LLP
Thomas H. Przybylowski
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
tprzybylowski@pomlaw.com

*Counsel for Movant Dimitar Yankov
and Proposed Lead Counsel for the
Class*

[Additional counsel on signature page.]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONDOLPH HO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ROCKET PHARMACEUTICALS, INC. and GAURAV SHAH,<br><br>Defendants. | Case No. 3:25-cv-10049-ZNQ-TJB<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DIMITAR YANKOV FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL<br><br>Motion Date: September 15, 2025 |

| | |
|---|---|
| DIMITAR YANKOV, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  v.<br><br>ROCKET PHARMACEUTICALS, INC., GAURAV SHAH, and AARON ONDREY,<br><br>      Defendants. | Case No. 3:25-cv-13532-ZNQ-TJB |

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................2

STATEMENT OF FACTS ........................................................................................3

ARGUMENT ...........................................................................................................6

    A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED
            FOR ALL PURPOSES................................................................................6

    B.    YANKOV SHOULD BE APPOINTED LEAD PLAINTIFF ..............7

            1.    Yankov Is Willing to Serve as Class Representative.................9

            2.    Yankov Has the "Largest Financial Interest" ............................9

            3.    Yankov Otherwise Satisfies the Requirements of Rule 23.......11

            4.    Yankov Will Fairly and Adequately Represent
                 the Interests of the Class and Is Not Subject to
                 Unique Defenses ......................................................................14

    C.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD
            BE APPROVED.......................................................................................15

CONCLUSION.........................................................................................................16

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591 (1997)...................................................................................13

*Baby Neal v. Casey*,
   43 F.3d 48 (3d Cir. 1994) ..........................................................................12

*Bassin v. Decode Genetics, Inc.*,
   230 F.R.D. 313 (S.D.N.Y. 2005) ...................................................................7

*Beck v. Maximus, Inc.*,
   457 F.3d 291 (3d Cir. 2006) ................................................................12, 13

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
   252 F.R.D. 188 (S.D.N.Y. 2008) ...................................................................6

*Dang v. Amarin Corp. PLC*,
   No. CV 21-19212 (GC)(TJB), 2022 WL 15524944
   (D.N.J. Oct. 27, 2022)................................................................................11

*Ho v. Rocket Pharmaceuticals, Inc. et al.*,
   No. 3:25-cv-10049 (D.N.J.) .....................................................................1, 9

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) ..................................................10, 11, 12, 13

*In re Comverse Technology, Inc. Securities Litigation*,
   No. 1:06-cv-01825 (E.D.N.Y.) ...................................................................16

*In re GE Sec. Litig.*,
   No. 09 Civ. 1951 (DC), 2009 WL 2259502
   (S.D.N.Y. July 29, 2009) ..........................................................................6, 7

*In re Molson Coors Brewing Co. Sec. Litig.*,
   233 F.R.D. 147 (D. Del. 2005) ...................................................................15

*In re Petrobras Securities Litigation*,
   No. 14-cv-09662 (S.D.N.Y.).................................................................15, 16

*In re Tronox, Inc. Sec. Litig.*,
    262 F.R.D. 338 (S.D.N.Y. 2009) ..............................................................6

*In re Vonage Initial Pub. Offering (IPO) Sec. Litig.*,
    No. CIV A 07-177 FLW, 2007 WL 2683636 (D.N.J. Sept. 7, 2007) ...............13

*Johnson v. Celotex Corp.*,
    899 F.2d 1281 (2d Cir. 1990) ................................................................6

*Klein v. Altria Group, Inc. et al*,
    No. 3:20-cv-00075 (E.D. Va.) ..............................................................16

*Lax v. First Merchants Acceptance Corp.*,
    No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997) .............................10

*Lewis v. Lipocine Inc.*,
    No. CV 16-4009-BRM-LHG, 2016 WL 7042075
    (D.N.J. Dec. 2, 2016) ........................................................................11

*Malcolm v. Nat'l Gypsum Co.*,
    995 F.2d 346 (2d Cir. 1993) ..................................................................6

*Patel v. Zoompass Holdings Inc.*,
    No. CV 17-3831 (JLL), 2017 WL 4179814 (D.N.J. Sept. 20, 2017).................10

*Roofers' Pension Fund v. Papa*,
    No. 2:16-cv-02805 (D.N.J.) .................................................................16

*Rubenstahl v. Philip Morris Int'l Inc.*,
    No. CV1713504ESMAH, 2019 WL 585429 (D.N.J. Feb. 13, 2019) ................10

*Smith v. Antares Pharma, Inc.*,
    No. CV178945MASDEA, 2018 WL 3611067
    (D.N.J. July 27, 2018)........................................................................10

*Yankov v. Rocket Pharmaceuticals, Inc. et al.*,
    No. 3:25-cv-13532 (D.N.J.) ...................................................................1

**Statutes**

15 U.S.C. § 78u-4..........................................................................*passim*

Private Securities Litigation Reform Act of 1995 .............................................*passim*

Securities Exchange Act of 1934 ..................................................................*passim*

**Rules**

Fed. R. Civ. P. 23 .........................................................................................*passim*

Fed. R. Civ. P. 42 ...........................................................................................1, 2, 6

Movant Dimitar Yankov ("Yankov") respectfully submits this Memorandum of Law in support of his motion, pursuant to Federal Rule of Civil Procedure 42 ("Rule 42") and Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Yankov as Lead Plaintiff on behalf of a class (the "Class") consisting of all persons and entities other than the above-captioned defendants ("Defendants") that purchased or otherwise acquired Rocket Pharmaceuticals, Inc. ("Rocket" or the "Company") securities between September 17, 2024 and May 26, 2025, both dates inclusive (the "Class Period"); and (3) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.[1]

---

[1] On June 11, 2025, the first-filed of the Related Actions was filed in this Court, styled *Ho v. Rocket Pharmaceuticals, Inc. et al.*, No. 3:25-cv-10049 (D.N.J.) (the "*Ho* Action"), on behalf of a class consisting of all investors who purchased or otherwise acquired Rocket securities between February 27, 2025 and May 26, 2025, both dates inclusive. *See* Dkt. No. 1 ¶ 1. Then, on July 18, 2025, the second-filed of the Related Actions was filed in this Court, styled *Yankov v. Rocket Pharmaceuticals, Inc. et al.*, No. 3:25-cv-13532 (D.N.J.) (the "*Yankov* Action"), alleging substantially the same wrongdoing as the *Ho* Action against overlapping defendants, on behalf of a class consisting of all persons and entities other than Defendants who purchased or otherwise acquired Rocket securities between September 17, 2024 and May 26, 2025, both dates inclusive. *See Yankov* Action, Dkt. No. 1 ¶ 1. Therefore, to avoid excluding any potential class members, this motion has adopted the larger class period alleged in the *Yankov* Action.

1

## PRELIMINARY STATEMENT

The Complaints in the Related Actions allege that Defendants defrauded investors in violation of the Exchange Act.  Rocket investors, including Yankov, incurred significant losses following the disclosure of the alleged fraud, which caused the prices of Rocket securities to fall sharply, damaging Yankov and other Rocket investors.

Consolidation is appropriate under Rule 42(a) where actions involve common questions of law or fact.  Here, the Related Actions are putative class actions alleging violations of the Exchange Act by an overlapping group of defendants arising from substantially the same alleged fraud.  As such, the Related Actions involve common questions of both law *and* fact, and consolidation is plainly warranted.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant that possesses the largest financial interest in the outcome of the Related Actions and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  During the Class Period, Yankov purchased 100,080 shares of Rocket stock, expended $973,677 on these purchases, retained 100,080 of his shares of Rocket stock, and, as a result of the disclosures of the fraud, incurred losses of approximately $682,030 in connection with his Class Period transactions in Rocket securities.  *See* Declaration of Thomas H. Przybylowski in Support of Motion ("Przybylowski Decl."), Exhibit ("Ex.") A.  Accordingly, Yankov believes

2

that he has the largest financial interest in the relief sought in the Related Actions. Beyond his considerable financial interest, Yankov also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his responsibilities as Lead Plaintiff and vigorously prosecute the Related Actions on behalf of the Class, Yankov has selected Pomerantz as Lead Counsel for the Class. Pomerantz is a nationally recognized securities class action firm that has recovered billions of dollars on behalf of defrauded investors, as detailed in its firm resume, and is well qualified to serve as Lead Counsel in these Related Actions.

Accordingly, Yankov respectfully requests that the Court enter an Order consolidating the Related Actions, appointing Yankov as Lead Plaintiff for the Class, and approving his selection of Pomerantz as Lead Counsel for the Class.

## STATEMENT OF FACTS

As alleged in the Complaints in the Related Actions, Rocket, together with its subsidiaries, operates as a late-stage biotechnology company that focuses on developing gene therapies for rare and devastating diseases in the United States ("U.S."). The Company develops in vivo adeno-associated viral programs, including, *inter alia*, RP-A501 for the treatment of Danon disease, a multi-organ

3

lysosomal-associated disorder leading to early death due to heart failure. RP-A501 is in Phase 2 clinical development.

Defendants provided investors with material information concerning RP-A501 including, among other things, confidence in the drug's safety and efficacy, as well as the clinical trial's detailed protocol and Rocket's purported ability to meet the trial's endpoints as per the Company's ascribed timeline.

Defendants provided these overwhelmingly positive statements to investors while, at the same time, disseminating materially false and misleading statements and/or concealing material adverse facts concerning the true state of RP-A501's safety and clinical trial protocol; notably, that Rocket knew Serious Adverse Events (SAEs), including death of participants enrolled in the study, were a risk. In particular, Rocket amended the trial's protocol to introduce a novel immunomodulatory agent to the pretreatment regimen without providing this critical update to shareholders. Such statements absent these material facts caused Plaintiff and other shareholders to purchase Rocket's securities at artificially inflated prices.

The truth emerged on May 27, 2025, when Rocket announced that the U.S. Food & Drug Administration placed a clinical hold on the RP-A501 Phase 2 pivotal study after at least one patient suffered a Serious Adverse Event (SAE), ultimately, death, while enrolled in the study following a substantive amendment to the

4

protocol that the Company failed to disclose to investors at the time management made the revision. In fact, Rocket stated that, while the patient was dosed in May, the decision to amend the protocol was made "several months" earlier. Despite this, Rocket made no attempt to alert investors or the public to the change until after the SAE occurred.

Investors and analysts reacted immediately to Rocket's revelation. The price of Rocket's common stock declined dramatically. From a closing market price of $6.27 per share on May 23, 2025, Rocket's stock price fell to $2.33 per share on May 27, 2025, a decline of about 37% in the span of just a single trading day.

Market analysts were quick to comment on the Company's announcement. For example, on May 27, 2025, J.P. Morgan published a report entitled "Clinical Hold a Major Setback for Danon Pivotal and Shares," which stated, in relevant part, that "[i]n our view, this morning's announcement of a patient death in the pivotal phase 2 study of RP-A501 for Danon Disease and subsequent FDA placed clinical hold represents a major, perhaps insurmountable, setback for the program."

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Yankov and other Class members have suffered significant losses and damages.

5

## ARGUMENT

### A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication.  When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.  Fed. R. Civ. P. 42(a); *see also Manual for Complex Litigation (Third)* § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact.  *See* Fed. R. Civ. P. 42(a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same).  Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation.  *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 WL

6

2259502, at *1-3 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law *and* fact. Each action was brought against overlapping defendants in connection with violations of the Exchange Act arising from substantially the same alleged fraud. Accordingly, the Related Actions allege substantially the same wrongdoing, namely that Defendants issued materially false and misleading statements and omissions that artificially inflated the price of Rocket's securities and subsequently damaged the Class when the Company's share price plummeted as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *GE*, 2009 WL 2259502, at *2 ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

**B.    YANKOV SHOULD BE APPOINTED LEAD PLAINTIFF**

Yankov should be appointed Lead Plaintiff because he has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in the Related Actions to his knowledge, and otherwise strongly satisfies the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of (1) the pendency of the action, and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). In addition, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days after the date of publication, or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

8

As set forth below, Yankov satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1.    Yankov Is Willing to Serve as Class Representative

On June 11, 2025, counsel for plaintiff in the *Ho* Action, caused the statutorily required Notice of that action to be published via *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against Rocket and other defendants, and which advised investors in Rocket securities that they had until August 11, 2025—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as lead plaintiff.  *See* Przybylowski Decl., Ex. B.

Yankov has filed the instant motion pursuant to the Notice and has attached a sworn Certification attesting that he is willing to serve as a representative for the Class, and to provide testimony at deposition and trial, if necessary.  *See id.*, Ex. C. Accordingly, Yankov satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2.    Yankov Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).

9

To the best of his knowledge, Yankov has the largest financial interest of any Rocket investor or investor group seeking to serve as Lead Plaintiff. For claims arising under the Exchange Act, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997). These *Lax* factors have been adopted by courts nationwide, including in this District. *See, e.g.*, *Rubenstahl v. Philip Morris Int'l Inc.*, No. CV1713504ESMAH, 2019 WL 585429, at *2 (D.N.J. Feb. 13, 2019) (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001)); *Smith v. Antares Pharma, Inc.*, No. CV178945MASDEA, 2018 WL 3611067, at *2 (D.N.J. July 27, 2018). Of the *Lax* factors, courts in the Third Circuit tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA. *See, e.g.*, *Patel v. Zoompass Holdings Inc.*, No. CV 17-3831 (JLL), 2017 WL 4179814, at *1 (D.N.J. Sept. 20, 2017) ("The most critical among the [*Lax*] factors is the approximate loss suffered.").

During the Class Period, Yankov: (1) purchased 100,080 shares of Rocket stock; (2) expended $973,677 on these purchases; (iii) retained 100,080 of his shares of Rocket stock; and (iv) as a result of the disclosures of the fraud, incurred losses

10

of approximately $682,030 in connection with his Class Period transactions in Rocket securities.  *See* Przybylowski Decl., Ex. A.  To the extent that Yankov possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3.     Yankov Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In determining whether lead plaintiff movants satisfy Rule 23's requirements, the Court need not raise its inquiry to the level required in ruling on a motion for class certification.  Instead, "[t]he movant need only make a '*prima facie* showing of typicality and adequacy'" under Rule 23.  *Dang v. Amarin Corp. PLC*, No. CV 21-19212 (GC)(TJB), 2022 WL 15524944, at *4 (D.N.J. Oct. 27, 2022) (quoting *Cendant*, 264 F.3d at 263-64); *see also Lewis v. Lipocine Inc.*, No. CV 16-4009-

11

BRM-LHG, 2016 WL 7042075, at *4 (D.N.J. Dec. 2, 2016) ("'The initial inquiry (i.e., the determination of whether the movant with the largest interest in the case 'otherwise satisfies' Rule 23) should be confined to determining whether the movant has made a prima facie showing of typicality and adequacy.'" (quoting *Cendant*, 264 F.3d at 263)).

The typicality requirement of Rule 23(a)(3) is satisfied where "'the named plaintiffs' claims are typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class.'" *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory")).

Yankov's claims are typical of those of the Class. Yankov alleges, like other Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Rocket, or by omitting to state material facts necessary to make the statements they did make not misleading. Yankov, like other Class members, purchased Rocket securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was

12

damaged upon the disclosure of those misrepresentations and/or omissions that drove Rocket's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

"In making the *prima facie* determination of adequacy, a court should consider whether the movant 'has the ability and incentive to represent the claims of the class vigorously, [whether the movant] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class.'" *In re Vonage Initial Pub. Offering (IPO) Sec. Litig.*, No. CIV A 07-177 FLW, 2007 WL 2683636, at *5 (D.N.J. Sept. 7, 2007) (quoting *Cendant*, 264 F.3d at 265); *see also Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent'" (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997))).

Yankov is an adequate representative for the Class. Here, Yankov has submitted a signed Certification declaring his commitment to protect the interests of the Class. *See* Przybylowski Decl., Ex. C. There is no evidence of antagonism or conflict between Yankov's interests and those of the Class, and Yankov's significant financial interest in these Related Actions demonstrates that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy. Moreover, as

13

set forth in greater detail below, Yankov has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as these Related Actions, and submits his choice of Pomerantz to the Court for approval as Lead Counsel for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Further demonstrating his adequacy, Yankov has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See* Przybylowski Decl., Ex. D.

### 4.    Yankov Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Yankov as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interest of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Yankov's ability and desire to fairly and adequately represent the Class has been discussed above.  Yankov is not aware of any unique defenses Defendants

14

could raise that would render him inadequate to represent the Class. Accordingly, Yankov should be appointed Lead Plaintiff for the Class.

## C.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should not interfere with Lead Plaintiff's selection unless it is necessary to do so to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) ("Once the lead plaintiff is chosen, that party is primarily responsible for selecting lead counsel.").

Here, Yankov has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Przybylowski Decl., Ex. E. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has represented defrauded investors. *See id.* As Lead Counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of

15

Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010, and the $90 million settlement in *Klein v. Altria Group, Inc. et al*, No. 3:20-cv-00075 (E.D. Va.) in March 2022. *See id.* In the Third Circuit, Pomerantz recently obtained a $97 million settlement in *Roofers' Pension Fund v. Papa*, No. 2:16-cv-02805 (D.N.J.).

As a result of its extensive experience in litigation involving issues similar to those raised in the instant Related Actions, Yankov's counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute these Related Actions effectively and expeditiously. Thus, the Court may be assured that by approving Yankov's selection of Pomerantz as Lead Counsel, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Yankov respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Yankov as Lead Plaintiff for the Class; and (3) approving Yankov's selection of Pomerantz as Lead Counsel for the Class.

16

Dated:  August 11, 2025

Respectfully submitted,

POMERANTZ LLP

*/s/ Thomas H. Przybylowski*
Thomas H. Przybylowski
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
tprzybylowski@pomlaw.com
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Movant Dimitar Yankov and*
*Proposed Lead Counsel for the Class*

17