# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONDOLPH HO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ROCKET PHARMACEUTICALS, INC., and GAURAV SHAH,<br><br>Defendants. | No.: 3:25-cv-10049-ZNQ-TJB<br><br>**[PROPOSED] ORDER CONSOLIDATING RELATED ACTIONS, APPOINTING LEAD PLAINTIFF, AND APPROVING LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br><u>CLASS ACTION</u><br><br>**Motion Date: September 15, 2025** |
| DIMITAR YANKOV, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ROCKET PHARMACEUTICALS, INC., GAURAV SHAH, and AARON ONDREY,<br><br>Defendants. | No.: 3:25-cv-13532-ZNQ-TJB<br><br><u>CLASS ACTION</u> |

WHEREAS, the above-captioned securities class actions (the "Securities Class Actions") have been filed against Rocket Pharmaceuticals, Inc., Gaurav Shah,

1

and Aaron Ondrey, alleging violations of the federal securities laws;

WHEREAS, Rule 42(a) of the Federal Rules of Civil Procedure provides that a court may order all actions consolidated if they involve "common issues of law or fact." Fed. R. Civ. P. 42(a). The Securities Class Actions involve common legal and factual issues; thus, efficiency and consistency will result from their consolidation. See Fed. R. Civ. P. 42(a);

WHEREAS, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(A)(i), on July 18, 2025,  a notice was issued to potential class members of the action informing them of their right to move to serve as lead plaintiff within 60 days of the date of the issuance of said notice;

WHEREAS, on August 11, 2025, Movant Corey Sipmann ("Movant") timely moved the Court for appointment as lead plaintiff and to approve his selection of counsel;

WHEREAS, the PSLRA, provides, among other things, that the most-adequate plaintiff to serve as lead plaintiff is the person or group of persons that has either filed a complaint or has made a motion in response to a notice, and has the largest financial interest in the relief sought by the Class and satisfies the pertinent requirements of Fed. R. Civ. P. 23;

WHEREAS, the Court finding that Movant has the largest financial interest

2

in this action and *prima facie* satisfies the typicality and adequacy requirements of

Fed. R. Civ. P. 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I);

**IT IS HEREBY ORDERED THAT:**

**CONSOLIDATION OF SECURITIES CLASS ACTIONS**

1.    The Securities Class Actions are consolidated for all purposes including, but not limited to, discovery, pretrial proceedings and trial proceedings pursuant to Fed. R. Civ. P. 42(a).

**MASTER DOCKET AND CAPTION**

2.    The docket in Case No. 3:25-cv-10049-ZNQ-TJB shall constitute the Master Docket for this action.

3.    Every pleading filed in the consolidated action shall bear the following caption:

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------
X

IN RE ROCKET
PHARMACEUTICALS, INC.
SECURITIES LITIGATION,

Master File No. 3:25-cv-10049-ZNQ-TJB

CLASS ACTION

---------------------------------------------
X

This Document Relates To:

3

4.     The file in civil action no. 3:25-cv-10049-ZNQ-TJB shall constitute a master file for every action in the consolidated action. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:". When a pleading applies to some, but not all, of the actions, the document shall list, immediately after the phrase "This Document Relates To:", the docket number for each individual action to which the document applies, along with the last name of the first-listed plaintiff in said action.

5.     All Securities Class Actions subsequently filed in, or transferred to, this District shall be consolidated into this action. This Order shall apply to every such action, absent an order of the Court. A party objecting to such consolidation, or to any other provisions of this Order, must file an application for relief from this Order within ten days after the date on which a copy of this Order is mailed to the party's counsel.

6.     This Order is entered without prejudice to the rights of any party to apply for severance of any claim or action, with good cause shown.

**APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL**

7.     Pursuant to Section 21D(a)(3)(B) of the Exchange Act, Movant is appointed as Lead Plaintiff of the class, as Movant has the largest financial interest in this litigation and otherwise satisfies the requirements of Fed. R. Civ. P. 23.

4

8.     Movant's choice of counsel is approved, and accordingly, The Rosen Law Firm, P.A. is appointed as Lead Counsel.

9.     Lead Counsel, after being appointed by the Court, shall manage the prosecution of this litigation. Lead Counsel is to avoid duplicative or unproductive activities and is hereby vested by the Court with the responsibilities that include, without limitation, the following: (1) to prepare all pleadings; (2) to direct and coordinate the briefing and arguing of motions in accordance with the schedules set by the orders and rules of this Court; (3) to initiate and direct discovery; (4) to prepare the case for trial; and (5) to engage in settlement negotiations on behalf of Lead Plaintiff and the Class.

SO ORDERED:

Dated  _____    _____
                                 Honorable Zahid N. Quraishi
                                 U.S. District Judge

5