**THE ROSEN LAW FIRM, P.A.**
Jing Chen, Esq.
One Gateway Center, Suite 2600
Newark, NJ 07102
Telephone: (973) 313-1887
Fax: (973) 833-0399
jchen@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiff and the Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RONDOLPH HO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ROCKET PHARMACEUTICALS, INC., and GAURAV SHAH,<br><br>Defendants. | No.: 3:25-cv-10049-ZNQ-TJB<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF COREY SIPMANN TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br><u>CLASS ACTION</u><br><br>**Motion Date: September 15, 2025** |

[Additional caption on next page]

|  |  |
|---|---|
| DIMITAR YANKOV, Individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>ROCKET PHARMACEUTICALS, INC., GAURAV SHAH, and AARON ONDREY,<br><br>Defendants. | No.: 3:25-cv-13532-ZNQ-TJB<br><br>CLASS ACTION |

## TABLE OF CONTENTS

BACKGROUND ...........................................................................................................2

ARGUMENT...............................................................................................................4

    I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED.....................4

    II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ........................5

       A.    MOVANT IS WILLING TO SERVE AS A CLASS REPRESENTATIVE 6

       B.    MOVANT HAS THE LARGEST FINANCIAL INTEREST ......................6

       C.    MOVANT SATISFIES THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE.............................................7

       D.    MOVANT WILL FAIRLY AND ADEQUATELY REPRESENT THE INTERESTS OF THE CLASS.................................................................9

    III.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED.....10

CONCLUSION ........................................................................................................11

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Deering v. Galena Biopharma, Inc.*,
2014 WL 4954398 (D. Or. Oct. 3, 2014) ............................................................1

*In re Fuwei Films Sec. Litig.*,
247 F.R.D. 432 (S.D.N.Y. 2008) ........................................................................7

*In re Gentiva Sec. Litig.*,
281 F.R.D. 108 (E.D.N.Y. 2012) .......................................................................1

*In re Oxford Health Plans, Inc. Sec. Litig.*,
182 F.R.D. 42 (S.D.N.Y. 1998) .........................................................................8

*In re Vicuron Pharms., Inc. Sec. Litig.*,
225 F.R.D. 508 (E.D. Pa. 2004) ....................................................................6, 7

**Statutes**

15 U.S.C. § 78u-4(a)(3) .............................................................................4, 5, 6, 10

**Rules**

Fed. R. Civ. P. 42(a) ........................................................................................4, 5

Fed. R. Civ. P. 23...........................................................................................5, 7, 8

ii

Movant Corey Sipmann ("Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)    consolidating the related actions as they involve common questions of law and fact and consolidation would promote judicial economy;

(b)    appointing Movant as Lead Plaintiff for the Class of all persons or entities who purchased or otherwise acquired publicly traded securities of Rocket Pharmaceuticals, Inc ("Rocket" or the "Company") between September 17, 2024 and May 26, 2025, inclusive (the "Class Period") 1; and

(a)    approving Movant's selection of The Rosen Law Firm P.A. ("Rosen Law") as Lead Counsel.

---

[1] The action *Ho v. Rocket Pharmaceuticals, Inc., et al.*, no. 3:25-cv-10049-ZNQ-TJB has a class period of between February 27, 2025 and May 26, 2025, inclusive. The action *Yankov v. Rocket Pharmaceuticals, Inc.*, et al., no. 3:25-cv-13532-ZNQ-TJB has a class period of September 17, 2024 through May 26, 2025, inclusive. A more inclusive class period is favored at the lead plaintiff stage. *E.g.*, *Deering v. Galena Biopharma, Inc.*, 2014 WL 4954398, at *10 (D. Or. Oct. 3, 2014) (recognizing that courts commonly select "most inclusive class period" at lead plaintiff stage); *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113- 114 (E.D.N.Y. 2012) (court favoring a broader class which "encompasses more potential class members" early in the litigation at the lead plaintiff stage).

## BACKGROUND

The first of the two related actions, *Ho v. Rocket Pharmaceuticals, Inc., et al.*, case no. 3:25-cv-10049-ZNQ-CLW, was filed on June 11, 2025 against Rocket Pharmaceuticals, Inc. and Gaurav Shah for violations of the Exchange Act.

On July 18, 2025, the later filed action, *Yankov v. Rocket Pharmaceuticals, Inc., et al.*, case no. 3:25-cv-13532-ZNQ-CLW was filed, which alleges substantially similar claims under the Exchange Act against the same defendants and an additional defendant Aaron Ondrey, but with an expanded class period. That same day, an early notice was issued, pursuant to the PSLRA, advising class members of, *inter alia,* the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. A copy of the early notice is attached as Exhibit 1 to the Declaration of Jing Chen filed herewith ("Chen Decl." or "Chen Declaration").

Defendant Rocket, together with its subsidiaries, operates as a late-stage biotechnology company that focuses on developing gene therapies for rare and devastating diseases in the U.S. The Company's principal executive offices are located in Cranbury, New Jersey and its common stock trades on the NASDAQ under the ticker symbol "RCKT."

The Company develops in vivo adeno-associated viral ("AAV") programs,

2

including, *inter alia*, RP-A501 for the treatment of Danon disease ("DD"), a multi-organ lysosomal-associated disorder leading to early death due to heart failure. RP-A501 is in Phase 2 clinical development.

According to the two complaints, Defendants provided investors with material information concerning RP-A501 including, among other things, confidence in the drug's safety and efficacy, as well as the clinical trial's detailed protocol and Rocket's purported ability to meet the trial's endpoints as per the Company's ascribed timeline. Throughout the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (i) RP-A501 was less effective than Defendants had led investors to believe; (ii) to increase its effectiveness, Rocket amended RP-A501's clinical trial protocol by introducing a novel immunomodulatory agent; (iii) the foregoing increased the risk that patients would suffer from a Serious Adverse Event ("SAE"); (iv) accordingly, RP-A501's safety, as well as its clinical, regulatory, and commercial prospects, were overstated; and (v) as a result, Defendants public statements were materially false and misleading at all relevant times.

On May 27, 2025, Rocket announced that the U.S. Food & Drug Administration ("FDA") placed a clinical hold on the RP-A501 Phase 2 pivotal study after at least one patient suffered an SAE, ultimately, death, while enrolled in the study following a substantive amendment to the protocol that the Company failed to

3

disclose to investors at the time management made the revision. In fact, Rocket stated that, while the patient was dosed in May, the decision to amend the protocol was made "several months" earlier. Despite this, Rocket made no attempt to alert investors or the public to the change until after the SAE occurred.

On this news, Rocket's stock price fell $3.94 per share, or 62.84%, to close at $2.33 per share on May 27, 2025.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Movant and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on

4

behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. § 78u-4(a)(3)(A)(ii) As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Both of the above-captioned related actions have been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Exchange Act by Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the latter of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. § 78u-4(a)(3)(B).60

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a
>
> notice . . .;

5

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies all of these criteria and is thus entitled to the presumption that he is the most adequate plaintiff of the class, and that, as a result, Movant should be appointed as Lead Plaintiff.

## A. MOVANT IS WILLING TO SERVE AS A CLASS REPRESENTATIVE

Movant has filed herewith a PSLRA certification attesting that he is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

## B. MOVANT HAS THE LARGEST FINANCIAL INTEREST

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). In assessing the largest financial interest, courts in the Third Circuit assess the following

6

three factors in determining the movant with the largest financial interest: (i) the number of shares the movant purchased during the class period; (ii) the total net funds the movant expended during the class period; and (iii) the approximate loss the movant suffered. *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004) (recognizing that the financial loss is the most significant of these factors).

Movant lost approximately $416,371.15 in connection with his purchases of Rocket securities. *See* Chen Decl., Ex. 3. Movant is not aware of any other movant that has suffered greater losses in Rocket securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

## C. MOVANT SATISFIES THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses

7

of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Vicuron*, 225 F.R.D. at 511; *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

Movant fulfills the requirements of Rule 23. Movant's claims share substantially similar questions of law and fact with the members of the class, and his claims are typical of those of the members of the class. Movant and all members of the class allege that defendants violated the Exchange Act by failing to disclose material facts about the Rocket's business and financial condition. Movant, as did all of the members of the class, purchased Rocket's securities at prices artificially inflated by Defendants' misstatements and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the class.

8

Thus, the close alignment of interests between Movant and other class members, as well as the strong desire of the proposed Lead Plaintiff to prosecute this action on behalf of the class, provide ample reasons to grant Movant's motion to serve as Lead Plaintiff.

### D. MOVANT WILL FAIRLY AND ADEQUATELY REPRESENT THE INTERESTS OF THE CLASS

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interests of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant's ability, and his desire, to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses defendants could raise against it, that would render Movant inadequate to represent the Class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

Further, Movant works in the outside sales department for a building materials company. He has over 25 years of investing experience, and he lives in Suwanee,

Georgia.

### III.    <u>**MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED**</u>

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with lead plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel. The firm has been actively researching Movant's and the Class' claims including reviewing publicly available financial and other documents while gathering information in support of the claims against the defendants. Furthermore, the firm is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in numerous cases throughout the nation. The firm has prosecuted securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors. Rosen Law's resume is attached as Exhibit 4 to the Chen Declaration.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive

the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an

Order: (1) consolidating the related actions; (2) appointing Movant as Lead Plaintiff;

(3) approving Lead Plaintiff's selection of Rosen Law as Lead Counsel; and (4)

granting such other relief as the Court may deem to be just and proper.

Dated: August 11, 2025                    Respectfully submitted,

                                          **THE ROSEN LAW FIRM, P.A.**

                                          /s/ Jing Chen
                                          Jing Chen
                                          One Gateway Center, Suite 2600
                                          Newark, NJ 07102
                                          Telephone: (973) 313-1887
                                          Fax: (973) 833-0399
                                          jchen@rosenlegal.com

                                          *[Proposed] Lead Counsel for Plaintiff and
                                          the Class*

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 11th day of August 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


<u>/s/ Jing Chen</u>