POMERANTZ LLP
Thomas H. Przybylowski
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
tprzybylowski@pomlaw.com

*Counsel for Movant Dimitar Yankov
and Proposed Lead Counsel for the
Class*

[Additional counsel on signature page.]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONDOLPH HO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ROCKET PHARMACEUTICALS, INC. and GAURAV SHAH,<br><br>Defendants. | Case No. 3:25-cv-10049-ZNQ-TJB<br><br>MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF DIMITAR YANKOV FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS<br><br>Motion Date: September 15, 2025 |

DIMITAR YANKOV, Individually and
on Behalf of All Others Similarly
Situated,

                    Plaintiff,

      v.

ROCKET PHARMACEUTICALS,
INC., GAURAV SHAH, and AARON
ONDREY,

                    Defendants.

Case No. 3:25-cv-13532-ZNQ-TJB

Movant Yankov[1] respectfully submits this Memorandum of Law in further support of his motion for consolidation of the Related Actions, appointment as Lead Plaintiff, and approval of Pomerantz as Lead Counsel (Dkt. No. 14); and in opposition to the competing motions of (i) Corey Sipmann ("Sipmann") (Dkt. No. 15) and (ii) W. Ward Harrison ("Harrison") (Dkt. No. 11).[2]

## PRELIMINARY STATEMENT

This is a class action securities fraud lawsuit against Rocket and certain of the Company's officers.  As with all federal class action securities fraud lawsuits, a Lead Plaintiff must be appointed.  The PSLRA governs that process and, pursuant to the PSLRA, the Court should appoint as Lead Plaintiff the movant or movants with the greatest financial interest in the outcome of the action; and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, that movant is Yankov, having suffered losses of approximately $682,030 in connection with his Class Period purchases of Rocket securities.  *See* Dkt. No. 14-3 at *5-19.  The table below sets forth Yankov's losses compared to those of the other movants:

---

[1] All capitalized terms herein are defined in Yankov's moving brief, unless otherwise indicated.  Dkt. No. 14-2.

[2] Initially, one other movant, Aaron Roeder ("Roeder"), filed a competing motion. Dkt. No. 9.  On August 21, 2025, Roeder filed a notice of withdrawal of his motion. Dkt. No. 16.

| Movant | Loss |
|---|---|
| Yankov | $682,030 |
| Sipmann | $416,371 |
| Harrison | $361,758 |

As the table reflects, Yankov's loss is significantly larger than that of any competing movant. Indeed, Yankov's loss of approximately $682,030 is over $265,650 larger than that of Sipmann, the movant alleging the next largest loss. As such, Yankov has the greatest financial interest of the PSLRA of any putative Class member seeking appointment as Lead Plaintiff. *See Patel v. Zoompass Holdings Inc.*, No. CV 17-3831 (JLL), 2017 WL 4179814, at \*1 (D.N.J. Sept. 20, 2017) ("The most critical among the [financial interest] factors is the approximate loss suffered.").

In addition to his significant financial interest, Yankov also satisfies the adequacy and typicality requirements of Rule 23. Yankov, like all members of the Class, purchased Rocket securities at prices artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations or omissions. These shared claims, which are based on the same legal theory, and arise from the same events and course of conduct as the Class's claims, satisfy the requirements of Rule 23. *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006).

For the reasons set forth herein, Yankov respectfully submits that his motion should be granted in its entirety and that the competing motions should be denied.

2

## ARGUMENT

### A. YANKOV SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA creates a strong presumption that the lead plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest must make a *prima facie* showing of typicality and adequacy under Rule 23. *In re Cendant Corp. Litig.*, 264 F.3d 201, 263-64 (3d Cir. 2001). Once this presumption is triggered, it may be rebutted upon proof that the presumptive lead plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II). Here, the most adequate class representative is Yankov.

### 1. Yankov Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest," courts in this Judicial District and the Third Circuit recognize that the amount of financial loss is the most significant factor to be considered. *See, e.g.*, *Zoompass*, 2017 WL 4179814, at *1 ("The most critical among the [*Lax*] factors is the approximate loss suffered."); *In*

3

*re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004) ("[T]he amount of financial loss is the most significant[.]").

Under the foregoing analysis, no movant seeking appointment as lead plaintiff in the Related Actions has a larger financial interest in the litigation than Yankov. As the chart at p. 2 illustrates, Yankov incurred a loss of $682,030 in connection with his Class Period purchases of Rocket securities, over $265,650 larger than the loss incurred by Sipmann, the movant alleging the next largest loss.

### 2.    Yankov Otherwise Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the Class, Yankov has also made the requisite *prima facie* showings that he satisfies the typicality and adequacy requirements of Rule 23. *See Cendant*, 264 F.3d at 263-64; *Sklar v. Amarin Corp. PLC*, No. CIV.A. 13-CV-06663 F, 2014 WL 3748248, at *5 (D.N.J. July 29, 2014).

First, Yankov's claims in the Related Actions satisfy the typicality requirement of Rule 23(a)(3) because his claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See Aguilar v. Vitamin Shoppe, Inc.*, No. 2:17-CV-6454-KM-MAH, 2018 WL 1960444, at *8-9 (D.N.J. Apr. 25, 2018); *Amarin*, 2014 WL 3748248, at *6. Second, Yankov satisfies the adequacy requirement of Rule 23(a)(4) because he has a sufficient stake in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class,

4

is aware of no conflict between his interests and those of the putative Class, and, as discussed in greater detail below, he has selected counsel highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently to serve as Lead Counsel for the Class. *See Vitamin Shoppe*, 2018 WL 1960444, at *9; *Amarin*, 2014 WL 3748248, at *6. Further demonstrating his adequacy, Yankov has submitted a detailed Declaration providing the Court with biographical information about himself and attesting to, *inter alia*, his understanding of the significance of his motion, the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, and his readiness to shoulder these responsibilities on behalf of the Class. *See generally* Dkt. No. 14-3 at *36-41.

\* \* \* \*

Because Yankov has the largest financial interest in the relief sought by the Class and otherwise satisfies Rule 23, he is the presumptive "most adequate plaintiff" of the Class within the meaning of the PSLRA. To overcome the strong presumption entitling Yankov to appointment as Lead Plaintiff, the PSLRA requires "***proof***" that the presumptive Lead Plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). No such proof exists in this case and any speculative arguments to the contrary should be flatly rejected.

## B.   LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to Court approval.  See 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should only interfere with Lead Plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) ("Once the lead plaintiff is chosen, that party is primarily responsible for selecting lead counsel.").

Here, Yankov has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.  *See generally* Dkt. No. 14-3 at *42-103.  Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer.  Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010, and the $90 million settlement in *Klein v. Altria Group, Inc. et al*, No. 3:20-cv-00075 (E.D. Va.) in March 2022.  *See* Dkt. No. 14-3 at *42-103.  As a result of Pomerantz's extensive experience in securities litigation and class actions

6

involving issues similar to those raised in the Related Actions, Pomerantz has the skill and knowledge necessary to enable the effective and expeditious prosecution of the Action. Thus, the Court may be assured that by approving Yankov's selection of Lead Counsel, the members of the Class will receive the best legal representation available.

<b><u>CONCLUSION</u></b>

For the foregoing reasons, Yankov respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Yankov as Lead Plaintiff for the Class; and (3) approving Yankov's selection of Pomerantz as Lead Counsel for the Class.

Dated:  August 29, 2025

Respectfully submitted,

POMERANTZ LLP

*/s/ Thomas H. Przybylowski*
Thomas H. Przybylowski
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
tprzybylowski@pomlaw.com
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Movant Dimitar Yankov and*
*Proposed Lead Counsel for the Class*

7