**THE ROSEN LAW FIRM, P.A.**
Jing Chen, Esq.
One Gateway Center, Suite 2600
Newark, NJ 07102
Telephone: (973) 313-1887
Fax: (973) 833-0399
jchen@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiff and the Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONDOLPH HO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ROCKET PHARMACEUTICALS, INC., and GAURAV SHAH,<br><br>Defendants. | No.: 3:25-cv-10049-ZNQ-TJB<br><br>**MEMORANDUM OF LAW OF COREY SIPMANN IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS**<br><br>CLASS ACTION<br><br>**Motion Date: September 15, 2025** |

[Additional caption on next page]

1

|  |  |
|---|---|
| DIMITAR YANKOV, Individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>ROCKET PHARMACEUTICALS, INC., GAURAV SHAH, and AARON ONDREY,<br><br>Defendants. | No.: 3:25-cv-13532-ZNQ-TJB<br><br><br>CLASS ACTION |

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ........................................................................ 5

**ARGUMENT** .................................................................................................. 6

    **I.   MR. YANKOV IS INADEQUATE AND ATYPICAL** ............................ 6

   **A.  Mr. Yankov's Location Cuts Against His Adequacy and Typicality** ...... 6

   **II.  OTHER COMPETING MOTION SHOULD BE DENIED** .................... 7

**CONCLUSION** .............................................................................................. 9

# TABLE OF AUTHORITIES

**Cases**

*In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398 (S.D.N.Y. 2006).............. 6

*Juliar v. Sunopta Inc.*, 2009 WL 1955237 (S.D.N.Y. Jan. 30, 2009)..................... 6

*In re Network Assocs., Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1030 (N.D. Cal.

   1999) ............................................................................................... 7

*In re Cendant Corp. Litigation*, 264 F.3d 201 (3rd Cir. 2001)................................ 8

*Smith v. Suprema Specialties, Inc., et al.*, 206 F.Supp.2d 627 (D.N.J. Jul. 1, 2002) 8

**Statutes**

15 U.S.C. § 78u-4 ......................................................................................6, 9

**Rules**

Rule 23 of the Federal Rules of Civil Procedure ...........................................5, 6, 8

Lead Plaintiff Movant Corey Sipmann ("Movant" or "Mr. Sipmann") respectfully submits this opposition to the competing lead plaintiff motions. Dkt. Nos. 11, 14.

## PRELIMINARY STATEMENT

On August 11, 2025, four lead plaintiff motions[1] were filed in this Court seeking appointment as lead plaintiff and approval of lead counsel, on behalf of all purchasers or acquirers of the publicly traded securities of Rocket Pharmaceuticals, Inc. ("Rocket" or the "Company") between September 17, 2024 to May 26, 2025, inclusive (the "Class Period").

Mr. Sipmann ("Movant" or "Sipmann") lost approximately $416,371.15 on his purchases of Rocket securities and still holds all of his shares. Dkt. No. 15-2, at 7. Mr. Sipmann has over 25 years of investing experience and lives in Suwanee, Georgia. *Id*. at 9-10. Mr. Sipmann has made a *prima facie* showing of his adequacy and typicality, and he faces no unique defenses. *See generally* Dkt. Nos. 15 and 15-2.

Competing movant Dimitar Yankov ("Mr. Yankov"), a citizen of Bulgaria and resident of the U.K., is the only competing movant claiming a larger financial

---

[1] Two of the competing movants, Aaron Roeder and W. Ward Harrison, filed competing motions but have smaller losses than Mr. Sipmann. Dkt. Nos. 9-2, 11-1. Aaron Roeder has a loss of $105,501.86. Dkt. No. 9-2, at 2. W. Ward Harrison has a loss of $361,758. Dkt. No. 11-1, at 6. On August 21, Aaron Roeder filed a notice of withdrawal of his motion. Dkt. No. 16.

interest than Mr. Sipmann. Dkt. No. 14-2. However, Mr. Yankov does not qualify as the presumptive lead plaintiff as he does not meet Rule 23's adequacy requirements. Even if Mr. Yankov did meet Rule 23's adequacy requirements, which he does not, his claimed losses are only $265,658.85 greater than Mr. Sipmann's and therefore do not cement him as the presumptive lead plaintiff. *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, at 403 (S.D.N.Y. 2006) (appointing movant whose claimed loss was $386,186 smaller, stating the losses are "roughly equal" and the appointed movant's losses are only "slightly lower"); *Juliar v. Sunopta Inc.*, 2009 WL 1955237, at *2 (S.D.N.Y. Jan. 30, 2009) (appointing movant, as part of a group, who lost $30,000 less, finding a difference in claimed losses "minimal").

As Mr. Sipmann has the largest financial interest in this action *and* also *prima facie* satisfies the adequacy and typicality requirements of Rule 23 and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Mr. Sipmann is presumed to be the "most adequate plaintiff" and, therefore, should be appointed lead plaintiff on behalf of the putative class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

## ARGUMENT

### I.   MR. YANKOV IS INADEQUATE

#### A. Mr. Yankov's Location Cuts Against His Adequacy

According to Mr. Yankov's LinkedIn profile, he is a Bulgarian citizen and

6

lives in the U.K. [2] This means that, in order to attend "court proceedings, depositions, any settlement mediations, and hearings as needed", Dkt. No. 14-3, at 38, Mr. Yankov will incur costs for transatlantic international travel – costs which, ultimately, will be borne by the Class. Additionally, Mr. Yankov may face delays in obtaining a visa to attend deposition or trial.

Additionally, "[t]he distances involved and some differences in business culture would impede their ability to manage and to control American lawyers conducting litigation in [New Jersey]." *In re Network Assocs., Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1030 (N.D. Cal. 1999). These distances are more than simple travel but culture and also time—leading to rising costs for the class, unnecessarily— particularly given that there is a suitable alternative here, Mr. Sipmann.

In contrast, Mr. Sipmann is a Georgia resident, lost $416,371.15 and made a *prima facie* showing of adequacy and typicality and should be appointed lead plaintiff and his selection of The Rosen Law Firm, P.A. as lead counsel should be approved.

## II.    OTHER COMPETING MOTIONS SHOULD BE DENIED

The other competing motions should be denied as Mr. Sipmann has the greatest financial interest, is an adequate and typical movant, satisfying the

---

2 *See* Mr. Yankov's LinkedIn profile: https://www.linkedin.com/in/d-uk/?originalSubdomain=uk.

requirements of Rule 23, and therefore should be appointed Lead Plaintiff without further analysis. *In re Cendant Corp. Litigation*, 264 F.3d 201, at 263 (3rd Cir. 2001) ("The initial inquiry [in appointing a lead plaintiff] should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy"). Mr. Sipmann works in the outside sales department for a building materials company and has over 25 years of investing experience. Dkt. No. 15-2, at 9-10. Mr. Sipmann's claims arise from the same set of facts as the rest of the class. *Id*. at 8-9. Therefore, Mr. Sipmann has made the requisite *prima facie* showing of adequacy and typicality.

Competing movants may attempt to conjure up speculative arguments to rebut the presumption in favor of Mr. Sipmann. Any such speculative challenge does not satisfy the PSLRA's requirement that the presumptively most adequate plaintiff may only be rejected if a rival movant presents "proof" that the presumptive Lead Plaintiff, here Movant, will not adequately protect the interests of the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Smith v. Suprema Specialties, Inc., et al.*, 206 F.Supp.2d 627, at 632 (D.N.J. Jul. 1, 2002) ("in reviewing rebuttal evidence, courts should only consider whether anyone can prove that the presumptive lead will not fairly and adequately represent the interests of the class and not whether another movant is preferable.

As Mr. Sipmann made a *prima facie* demonstration of his typicality and

8

adequacy and has the largest remaining financial interest, and no movant has rebutted the presumption with proof, Mr. Sipmann must be appointed Lead Plaintiff.

## CONCLUSION

For the foregoing reasons, Mr. Sipmann's motion should be granted in its entirety and competing motions should be denied.

Dated: September 2, 2025    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Jing Chen
Jing Chen, Esq.
One Gateway Center, Suite 2600
Newark, NJ 07102
Telephone: (973) 313-1887
Fax: (973) 833-0399
jchen@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiff and the Class*

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 2nd day of September 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

<u>/s/ Jing Chen</u>