POMERANTZ LLP
Thomas H. Przybylowski
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
tprzybylowski@pomlaw.com

*Counsel for Movant Dimitar Yankov
and Proposed Co-Lead Counsel for the
Class*

[Additional counsel on signature page.]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONDOLPH HO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ROCKET PHARMACEUTICALS, INC. and GAURAV SHAH,<br><br>Defendants. | Case Nos. 3:25-cv-10049-ZNQ-TJB<br><br><br>STIPULATION AND ORDER CONSOLIDATING RELATED ACTIONS, APPOINTING CO-LEAD PLAINTIFFS, AND APPROVING SELECTION OF CO-LEAD COUNSEL<br><br>Motion Date: September 15, 2025 |

DIMITAR YANKOV, Individually and on Behalf of All Others Similarly Situated,

                Plaintiff,

     v.

ROCKET PHARMACEUTICALS, INC., GAURAV SHAH, and AARON ONDREY,

                Defendants.

Case No. 3:25-cv-13532-ZNQ-TJB

Lead Plaintiff Movants Dimitar Yankov ("Yankov") and Corey Sipmann ("Sipmann"), by and through their undersigned counsel, hereby stipulate as follows in support of their request for consolidation, appointment as Co-Lead Plaintiffs, and approval of their selection of Co-Lead Counsel:

WHEREAS, on June 11, 2025, Rondolph Ho commenced an action alleging violations of the federal securities laws on behalf of a putative class consisting of investors in the securities of Rocket Pharmaceuticals, Inc. ("Rocket") (the "*Ho* Action");

WHEREAS, on July 18, 2025, Yankov commenced an action, alleging substantially similar claims as the *Ho* Action against overlapping defendants, over an extended class period and on behalf of a putative class consisting of investors in the securities of Rocket (the "*Yankov* Action" and, together with the *Ho* Action, the "Related Actions");

WHEREAS, as putative class actions alleging violations of the federal securities laws, the Related Actions are governed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), which provides, in relevant part, that any putative Class member may move for appointment as Lead Plaintiff in the Related Actions within 60 days of publication of notice of pendency of the first of the Related Actions to be filed—here, on or before August 11, 2025 (15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa));

WHEREAS, on August 11, 2025, four members of the putative Class alleged in the Related Actions filed timely, separate motions seeking consolidation of the Related Actions, appointment as Lead Plaintiff, and approval of their respective selections of Lead Counsel pursuant to the PSLRA: (i) Yankov (Dkt. No. 14); (ii) Sipmann (Dkt. No. 15); (iii) W. Ward Harrison ("Harrison") (Dkt No. 11); and (iv) Aaron Roeder ("Roeder") (Dkt. No. 9);

WHEREAS, on August 21, 2025, Roeder filed a notice of withdrawal of motion (Dkt. No. 16) and on September 2, 2025, Harrison filed a notice of withdrawal of motion (Dkt. No. 19);

WHEREAS, no other putative class member has filed a motion seeking appointment as Lead Plaintiff in the Related Actions;

WHEREAS, the PSLRA provides, *inter alia*, that the most adequate plaintiff to serve as Lead Plaintiff is, in the determination of the Court, the "person or group of persons" that has the largest financial interest in the relief sought by the class and otherwise satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") (15 U.S.C. § 78u-4(a)(3)(B)(iii));

WHEREAS, the PSLRA provides that, subject to the approval of the Court, the most adequate plaintiff will select and retain counsel to represent the class (15 U.S.C. § 78u-4(a)(3)(B)(v));

WHEREAS, Yankov and Sipmann have each provided sworn Certifications pursuant to the PSLRA in support of their respective applications for Lead Plaintiff appointment, setting forth, *inter alia*, their transactions in Rocket securities (*see* Dkt. Nos. 14-3 at *24-35, 15-5);

WHEREAS, Yankov and Sipmann each having alleged significant losses in connection with the fraud alleged in the Related Actions, both have significant financial interests in the outcome of this litigation;

WHEREAS, Yankov and Sipmann are also each qualified to serve as co-lead plaintiffs in this case given, among other things, their interest in aggressively pursuing the claims in the Related Actions and their willingness to discharge the obligations of class representatives in the Related Actions as described in the memoranda of law submitted in support of Yankov and Sipmann's respective motions (*see* Dkt. No. 14-2 at 11-15; Dkt. No. 15-2 at 7-10);

WHEREAS, having reviewed one another's submissions to the Court, Yankov and Sipmann believe that they each satisfy the typicality and adequacy requirements of Rule 23;

WHEREAS, Yankov and Sipmann believe that, rather than continue to litigate their competing motions, it is in the best interest of the Class to amicably resolve the motions and pool their resources to effectively and efficiently prosecute the Related Actions;

WHEREAS, having reviewed one another's submissions to the Court, Yankov and Sipmann believe that it is in the best interests of the Class for Yankov and Sipmann to serve as Co-Lead Plaintiffs and for their respective selections of Pomerantz LLP ("Pomerantz") and The Rosen Law Firm, P.A. ("Rosen Law") to serve as Co-Lead Counsel;

WHEREAS, Yankov and Sipmann are committed to supervising the conduct of this litigation by their counsel and to ensuring that counsel coordinate appropriately, prosecute the Related Actions efficiently, and avoid any duplication of effort in the conduct of the litigation;

WHEREAS, courts have endorsed stipulations among competing Lead Plaintiff movants, like here, as promoting the statutory purposes of the PSLRA, and have permitted "independent lead plaintiff movants [to] join together to help ensure that adequate resources and experience are available to the prospective class in the prosecution of th[e] action and because [e]mploying a co-lead plaintiff structure . . . will also provide the proposed class with the substantial benefits of joint decision-making." *In re Rockwell Med., Inc. Sec. Litig.*, No. 1:16-cv-01691-RJS, Dkt. No. 18 at 2-3 (S.D.N.Y. May 20, 2016) (internal quotation marks omitted) (citing *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 420 (S.D.N.Y. 2004)); *see also Ortiz v. Canopy Growth Corporation et al,* No. 2:19-cv-20543 (D.N.J.) ("*Ortiz*"), Dkt. No. 27 (approving stipulation of competing

lead plaintiff movants to serve as co-lead plaintiffs and approving their selection of co-lead counsel); *Deputy v. Akebia Therapeutics, Inc. et al.*, No. 1:22-cv-01411-AMD-VMS (E.D.N.Y.), ECF Order on June 28, 2022 (same); *In re Grab Holdings Ltd. Sec. Litig.*, No. 1:22-cv-02189-VM (S.D.N.Y.), Dkt. No. 39 (same); *In re Altimmune, Inc. Sec. Litig.*, No. 8:24-cv-01315-ABA (D. Md.), Dkt. No. 22 (same); *Pizzuto v. Homology Meds., Inc.*, No. 2:22-cv-01968-FLA-JPR (C.D. Cal.), Dkt. No. 38 (same); *Maurer v. Argos Therapeutics Inc., et al.*, No. 1:17-cv-00216-TDS-LPA (M.D.N.C.), Dkt. No. 26 (same); *In re Facebook, Inc. Sec. Litig.*, No. 5:18-cv-01725-EJD, Dkt. No. 56 at 2-3 (N.D. Cal. Aug. 3, 2018) (approving stipulation of lead plaintiff movants where movants "concluded that a protracted dispute concerning lead plaintiff appointment . . . [was] not in the best interests of the class and that jointly prosecuting [the] litigation would be appropriate and assist with the speedy commencement of [the] litigation"); *see also In re Millennial Media, Inc. Sec. Litig.*, 87 F. Supp. 3d 563, 570 (S.D.N.Y. 2015) ("A co-lead plaintiff structure best protects the interests of the class . . . and gives the class the advantages of the combined knowledge, experience, and judgment of both lead plaintiffs." (collecting cases)); and

WHEREAS, Pomerantz and Rosen Law have successfully prosecuted similar securities class actions under the PSLRA as Co-Lead Counsel, including in this District. *See, e.g., Chan, et al., v. New Oriental Education & Technology Group*

*Inc., et al.*, No. 2:16-cv-09279-KSH-CLW (D.N.J.); *Ortiz*; *Vataj v. Johnson, et al.*, No. 4:19-cv-06996-HSG (N.D. Cal.); *In re Blue Apron Holdings, Inc. Securities Litigation*, No. 17-cv-04846-NGG-PK (E.D.N.Y.); *Pirnik v. Fiat Chrysler Automobiles N.V. et al.*, No. 1:15-cv-07199-JMF (S.D.N.Y.); *Whiteley, et al. v. Zynerba Pharmaceuticals, Inc., et al.*, No. 2:19-cv-04959-NIQA (E.D. Pa.); *Thomas, et al., v. MagnaChip Semiconductor Corp., et al.*, No. 3:14-CV-01160-JST (N.D. Cal.); *Thorpe, et al., v. Walter Investment Management Corp.*, No. 1:14-cv-20880-UU (S.D. Fla.);

IT IS HEREBY STIPULATED AND AGREED THAT, subject to the Court's approval, as follows:

1.      The Related Actions 25-10049 and 25-13532 are hereby consolidated for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure under 25-10049 Ho v. Rocket Pharmaceuticals, Inc which shall be designated the Lead Action. **The Clerk's Office is instructed to CLOSE related case 25-13532 Yankov v. Rocket Pharmaceuticals, Inc.**;

2.      These actions shall be referred to herein as the "Consolidated Action." This Order shall apply to the Consolidated Action and to each case that is subsequently filed in this Court that relates to the same subject matter as in the Consolidated Action;

3.      Every pleading in this Consolidated Action shall bear the following Caption:

6

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE ROCKET PHARMACEUTICALS, INC. SECURITIES LITIGATION | Case No.  3:25-cv-10049-ZNQ-TJB |
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: | |
| | [TITLE OF DOCUMENT] |

4.      When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:". When the document applies to some, but not all, of the actions, the document shall list, immediately after the phrase "This Document Relates To:", the docket number for each individual action to which the document applies, along with the name of the first-listed plaintiff in said action;

5.      **Yankov's and (Dkt. No. 14) and Sipmann's (Dkt. No. 15) motions are hereby GRANTED**; counsel are appointed Co-Lead Plaintiffs in the Consolidated Action and any subsequently filed or transferred actions that are consolidated with the Consolidated Action, pursuant to 15 U.S.C. § 78u-4(a)(3)(B);

6.      Co-Lead Plaintiffs' selections of Pomerantz and Rosen Law as Co-Lead Counsel are hereby approved.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED:  September 9, 2025      _____
                              The Honorable Zahid N. Quraishi
                              United States District Judge

IT IS SO STIPULATED.         Respectfully submitted,

Dated:  September 8, 2025      POMERANTZ LLP

*/s/ Thomas H. Przybylowski*
Thomas H. Przybylowski
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
tprzybylowski@pomlaw.com
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Movant Dimitar Yankov and Proposed Co-Lead Counsel for the Class*

Dated:  September 8, 2025      THE ROSEN LAW FIRM, P.A.

*/s/ Laurence M. Rosen*
Laurence M. Rosen (LR-5733)
One Gateway Center, Suite 2600
Newark, NJ 07102
Telephone: (973) 313-1887
Fax: (973) 833-0399
lrosen@rosenlegal.com

*Counsel for Movant Corey Sipmann and Proposed Co-Lead Counsel for the Class*